51,903-02



# FELICIA PITRE
## DALLAS COUNTY DISTRICT CLERK

May 7, 2015

Texas Court of Criminal Appeals
ATTN: Abel Acosta
P.O. Box 12308
Austin, Texas 78711-2308

RECEIVED IN
COURT OF CRIMINAL APPEALS

MAY 1 1 2015

Abel Acosta, Clerk

RE:  **JOHNNY SLOAN JR.,**
    **CCA CAUSE No:**    **WR-51,903-02**
    **Writ No:**    **W00-01283-Q (A)**

Dear Mr. Abel Acosta:

In response to the Court's Order dated **May 07, 2015**, in the above entitled and referenced cause, the Dallas County District Clerk's Office is enclosing this letter, **ODI dated 9/30/13** filed in the above case..

Sincerely,

Felicia Pitre
Dallas County District Clerk

Given under my hand and seal;

By:  *Regina Taylor*
    Deputy District Clerk



# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. WR-51,903-02

### IN RE JOHNNY SLOAN JR., Relator

### ON APPLICATION FOR A WRIT OF MANDAMUS
### CAUSE NO. W00-01283-Q(A) IN THE 204TH DISTRICT COURT
### FROM DALLAS COUNTY

*Per curiam.*

### ORDER

Relator has filed a motion for leave to file a writ of mandamus pursuant to the original jurisdiction of this Court. In it, he contends that he filed an application for a writ of habeas corpus in the 204th District Court of Dallas County, that more than 35 days have elapsed, and that the application has not yet been forwarded to this Court.

In these circumstances, additional facts are needed. Respondent, the District Clerk of Dallas County, is ordered to file a response, which may be made by submitting the record on such habeas corpus application, submitting a copy of a timely filed order which designates issues to be investigated (*see McCree v. Hampton*, 824 S.W.2d 578, 579 (Tex. Crim. App. 1992)), or stating that

Relator has not filed an application for a writ of habeas corpus in Dallas County. Should the response include an order designating issues, proof of the date the district attorney's office was served with the habeas application shall also be submitted with the response. This application for leave to file a writ of mandamus shall be held in abeyance until Respondent has submitted the appropriate response. Such response shall be submitted within 30 days of the date of this order.

Filed: May 6, 2015
Do not publish

EX PARTE                        §       IN THE DISTRICT COURT
                                §
                                §       204th JUDICIAL DISTRICT
                                §
JOHNNY SLOAN, JR.               §       DALLAS COUNTY, TEXAS

## ORDER DESIGNATING ISSUES

The Court, having reviewed Applicant Johnny Sloan, Jr.'s amended application for writ

of habeas corpus filed pursuant to Texas Code of Criminal Procedure article 11.07, finds that

there are controverted, previously unresolved facts material to the legality of Applicant's restraint

that require resolution.

The court appoints Michael Mowla, attorney, address 603 N. Cedar Ridge Suite 100,

Duncanville, Texas 75116, to resolve the issues and prepare findings of fact and conclusions of

law for the Court. The issues may be resolved by affidavits, depositions, interrogatories, or by

hearings, as deemed necessary by the person appointed herein. Michael Mowla does not

represent the Applicant. Applicant is not entitled to counsel at this time. The Clerk of the Court

is ORDERED to send a copy of this order to Applicant, or Applicant's counsel (if so

represented), and to counsel for the State.

Accordingly, the Court designates the following issues to be resolved:

1.      Did Dr. Timothy Sliter present perjured or misleading testimony regarding a

presumptive blood test? (Ground Four of Application).

2.     If Dr. Timothy Sliter's testimony regarding the presumptive blood test was perjured or misleading, did the State know about such perjured or misleading testimony? (Ground Four of Application).

3.     If Dr. Timothy Sliter's testimony regarding the presumptive blood test was perjured or misleading and the State knew about such perjured or misleading testimony, in violation of *Ex parte Lewis*, 587 S.W.2d 697, 701 (Tex. Crim. App. 1979) and Brady v. Maryland, 373 U.S. 83 (1963), did the State fail to correct or reveal such fact to the defense? (Ground Four of Application).

4.     During voir dire, did a juror express bias towards individuals who illegally carry a firearm?  (Ground Six of Application).

5.     If during voir dire a juror expressed bias towards individuals who illegally carry a firearm, was Applicant's trial counsel was ineffective under *Strickland v. Washington*, 466 U.S. 668 (1984), by failing to strike this juror?   (Ground Six of Application).

6.     Was it necessary for Applicant's trial counsel to consult an expert regarding Dr. Timothy Sliter's testimony on the presumptive blood test?  (Ground Seven of Application).

7.     If it was necessary for Applicant's trial counsel to consult an expert regarding Dr. Timothy Sliter's testimony on the presumptive blood test, did such failure amount to ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668 (1984)?  (Ground Seven of Application).

8.      Whether Applicant's trial counsel was ineffective under *Strickland v. Washington*, 466 U.S. 668 (1984), by failing to investigate the case regarding Dr. Timothy Sliter's testimony on the presumptive blood test?   (Ground Seven of Application).

9.      Did Applicant's trial counsel consult with a pathologist? (Ground Eight of Application).

10.      Was it necessary for Applicant's defense for Applicant's trial counsel to consult with a pathologist? (Ground Eight of Application).

11.      If it was necessary for Applicant's trial counsel to consult a pathologist and he did not do so, was Applicant's trial counsel ineffective under *Strickland v. Washington*, 466 U.S. 668 (1984)? (Ground Eight of Application).

12.      Were records of Katherine Long's report admitted by a custodian of records? (Ground Nine of Application).

13.      Did Applicant's trial counsel withdraw objections to records of Katherine Long's report that were admitted by a custodian of records?   (Ground Nine of Application).

14.      If Applicant's trial counsel withdrew objections to records of Katherine Long's report that were admitted by a custodian of records, did such withdrawal of objections render Applicant's trial counsel's performance as ineffective under *Strickland v. Washington*, 466 U.S. 668 (1984)?   (Ground Nine of Application).

15.      Did Travis Spinder, a ballistics expert, testify that two different persons were killed by the same weapon?   (Ground Ten of Application).

16. If Travis Spinder, a ballistics expert, testified that two different persons were killed by the same weapon, was it necessary for Applicant's trial counsel to obtain a defense ballistic expert to rebut Travis Spinder's testimony? (Ground Ten of Application).

17. If Travis Spinder, a ballistics expert, testified that two different persons were killed by the same weapon, and it was necessary for Applicant's trial counsel to obtain a defense ballistic expert to rebut Travis Spinder's testimony and trial counsel did not do so, did such failure constitute ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668 (1984)? (Ground Ten of Application).

18. Did the State use a photographic array to identify Applicant? (Ground Eleven of Application).

19. If the State used a photographic array to identify Applicant, was such array impermissibly suggestive? (Ground Eleven of Application).

20. If the State used a photographic array to identify Applicant that was impermissibly suggestive, did Applicant's trial counsel properly challenge such impermissibly suggestive array? (Ground Eleven of Application).

21. If the State used a photographic array to identify Applicant that was impermissibly suggestive, and Applicant's trial counsel failed to properly challenge such impermissibly suggestive array, did such failure constitute ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668 (1984)? (Ground Eleven of Application).

22. Did the State introduce evidence in violation of a court order that Applicant carried a firearm months prior to the offense? (Ground Twelve of Application).

23. If the State introduced evidence in violation of a court order that Applicant carried a firearm months prior to the offense, did Applicant's trial counsel fail to object to such evidence and move for a mistrial? (Ground Twelve of Application).

24. If the State introduced evidence in violation of a court order that Applicant carried a firearm months prior to the offense, and Applicant's trial counsel failed to object to such evidence and move for a mistrial, did such failure by Applicant's trial counsel constitute ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668 (1984)? (Ground Twelve of Application).

25. Did the State elicit testimony from a witness that Applicant possessed a weapon prior to committing the offense? (Ground Thirteen of Application).

26. If the State elicited testimony from a witness that Applicant possessed a weapon prior to committing the offense, were Applicant's due process rights under the Fifth and Fourteenth Amendments violated? (Ground Thirteen of Application).

SIGNED on this the ___30th___ day of _Sept_, 2013.

_____
JUDGE PRESIDING